# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **NICHOLAS DER-HACOPIAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 8:18-cv-03001-PWG |
| | ) | |
| **SENTRYLINK, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL APPROVAL ORDER

This matter, having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement with Defendant, SentryLink, LLC, the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered July 7, 2020, a Settlement Class; and, the Court, being fully advised in the premises, for the reasons stated in detail during the fairness hearing held this date, which are adopted by reference, finds that:

1. The Court finds that certification for settlement purposes of the class defined by the Settlement Agreement proposed by the parties in this case (ECF 51-1) is appropriate pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

2. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Order Preliminary Approval. Such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3. The Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The

Court has reviewed such notification and accompanying materials and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

4. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties and is supported by the Class Representative.

5. The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the members of the Settlement Class in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6. The relief provided under the settlement constitutes fair value given in exchange for the release of claims.

7. The parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

8. It is in the best interests of the parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

10. This action is a class action against Defendant SentryLink, LLC on behalf of a class of consumers defined as follows (the "Settlement Class"):

> (A) All persons about whom SentryLink prepared a background report; (B) delivered to a third party; (C) from September 28, 2016 to June 30, 2019; (D) the background report contained criminal record information; (E) the individual subsequently contacted SentryLink to advise SentryLink that the record did not include the most up to date disposition of the record; and (F) SentryLink changed its reporting of the record as a result.

11. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Class and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

12. This action is hereby dismissed on the merits, with prejudice and without costs.

13. As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

14. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or

otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

15. Upon consideration of Class Counsel's application for fees and reimbursement of expenses, the Court shall enter a separate Order awarding reasonable fees and expenses, to be paid from the Settlement Funds, in an amount to be set forth in that Order.

16. Upon consideration of the application for an individual service award, the Class Representative Nicholas Der-Hacopian is awarded the sum of fifteen thousand dollars ($15,000.00), to be paid by Defendant, in consideration of his individual claims against Defendant and the valuable service he has performed for and on behalf of the Settlement Class.

17. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

/S/
Paul W. Grimm
United States District Judge

Dated: November 23, 2020.